**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000563**
**13-SEP-2013**
**08:26 AM**

NO. CAAP-12-0000563

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES K. PERKINS, Claimant-Appellee,
v.
PUNA PLANTATION HAWAII, LTD.,
Employer-Appellant,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Appellant,
and
SPECIAL COMPENSATION FUND,
Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2010-035 (WH) (9-08-00382))

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Employer-Appellant Puna Plantation Hawaii, Ltd.
(Employer) and Insurance Carrier-Appellant Hawaii Employers'
Mutual Insurance Company, Inc. (collectively, Appellants) appeal
from the May 22, 2012 Decision and Order of the Labor and
Industrial Relations Appeals Board (LIRAB). On appeal,
Appellants contend the LIRAB erred in concluding Claimant-
Appellee James K. Perkins[1] (Claimant) may be entitled to future
medical care, services, and supplies (treatment) pursuant to
Hawaii Revised Statutes (HRS) § 386-21 (2012).

---

[1] No answering brief was filed.

## I.  BACKGROUND

Claimant was a stock clerk for Employer.  On March 1, 2008, Claimant sustained an injury to his low back while bending and lifting a case of rice.  He filed a claim for workers' compensation, and following a hearing held August 1, 2008, the Director of the Department of Labor and Industrial Relations (Director) issued a decision concluding Claimant had suffered a compensable work injury.

On October 28, 2009, the Director held a second hearing to address several issues, including whether Claimant was entitled to further medical treatment.  The Director issued a supplemental decision on December 2, 2009, concluding Claimant was entitled to treatment from March 1, 2008 through October 28, 2009, the date of the hearing.  The Director credited the reports of Lorne Direnfeld, M.D. (Dr. Direnfeld) and Joseph Rogers, Ph.D. (Dr. Rogers), who concluded Claimant's work injury had caused at most a temporary aggravation of a pre-existing medical condition.

Claimant appealed the supplemental decision to the LIRAB on December 9, 2009.  At the initial conference before the LIRAB, Employer argued the Director erred in concluding Claimant was entitled to receive treatment after October 7, 2008. Employer based its argument on a report by Dr. Direnfeld, who had examined Claimant on October 7, 2008 and concluded that Claimant's temporary aggravation had resolved by the time of that evaluation.  Consequently, the LIRAB's pretrial order stated that one of the issues to be determined on the appeal was whether Employer was liable for, and Claimant entitled to, treatment after October 7, 2008.

The LIRAB issued its Decision and Order on May 22, 2012, stating its findings of fact and conclusions of law.  The conclusion of law (COL) at issue in this appeal, COL 1, states:

> 1.    The [LIRAB] concludes the Employer may be liable for, and Claimant entitled to [treatment] after October 7, 2008.

2

As the [LIRAB] has previously opined on Section 386-21, HRS, in *Jochola v. Maui Economic Opportunity, Inc. et al.*; AB 2005-206(M) (September 25, 2008):

> The entitlement of an injured worker to receive [treatment] as the nature of the injury requires for so long as reasonably needed is one of the core components of compensation. Simply because an injury returns to pre-work injury status does not necessarily mean that the duty to pay compensation ends. Absent a showing of an intervening or superseding event or cause (see, for example, *Diaz v. Oahu Sugar Co., Ltd.*, 77 Haw. 152 (1994)), fraud (*see* HRS § 386-98 (e)), or other appropriate terminating event, there is a likelihood that such obligation to provide [treatment] will not terminate. No such terminating event has been shown in this case. However, a claimant's entitlement to such care, services, and supplies is dependent upon all other requirements of Chapter 386, HRS and the Hawaii Workers' Compensation Medical Fee Schedule being met, (*e.g.*, such care, services, and supplies, so long as reasonably needed and as the nature of the injury requires, and appropriately requested, reported, authorized, and billed).

Accordingly, the [LIRAB] concludes that Claimant's rights under Section 386-21, HRS, are not terminated. Employer may be liable for, and Claimant may be entitled to [treatment] after May 3, 2010 [sic], for her [sic] low back injury consistent with and subject to the foregoing.

The LIRAB also concluded Claimant did not suffer permanent disability or disfigurement and was not entitled to further temporary total disability benefits after October 7, 2008.

Appellants filed a timely appeal from the LIRAB's decision. On appeal, Appellants contend COL 1 is wrong.

## II. STANDARDS OF REVIEW

Appellate review of the LIRAB's decision is governed by HRS § 91-14(g) (1993), which provides that:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or

3

(2)    In excess of the statutory authority or jurisdiction of the agency; or

(3)    Made upon unlawful procedure; or

(4)    Affected by other error of law; or

(5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), [conclusions] are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); [findings] are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6)." *Potter v. Hawai'i Newspaper Agency*, 89 Hawai'i 411, 422, 974 P.2d 51, 62 (1999) (internal quotation marks and citations omitted).

"'[T]he courts may freely review an agency's conclusions of law.'" *Lanai Co. [v. Land Use Comm'n]*, 105 Hawai'i [296,] 307, 97 P.3d [372,] 383 [(2008)] (quoting *Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil*, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990)). The LIRAB's conclusions will be reviewed de novo, under the right/wrong standard. *Tate v. GTE Hawaiian Tel. Co.*, 77 Hawai'i 100, 103, 881 P.2d 1246, 1249 (1994) (citing *State v. Furutani*, 76 Hawai'i 172, 180, 873 P.2d 51, 59 (1994)).

"An agency's findings are reviewable under the clearly erroneous standard to determine if the agency decision was clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." *Poe v. Hawai'i Labor Relations Bd.*, 87 Hawai'i 191, 195, 953 P.2d 569, 573 (1998) (citing *Alvarez v. Liberty House, Inc.*, 85 Hawai'i 275, 277, 942 P.2d 539, 541 (1997); HRS § 91-14(g)(5)). "'An agency's findings are not clearly erroneous and will be upheld if supported by reliable, probative and substantial evidence unless the reviewing court is left with a firm and definite conviction that a mistake has been made.'" *Poe v. Hawai'i Labor Relations Bd.*, 105 Hawai'i 97, 100, 94 P.3d 652, 655 (2004) (quoting *Kilauea Neighborhood Ass'n v. Land Use Comm'n*, 7 Haw. App. 227, 229-30, 751 P.2d 1031, 1034 (1988)).

<u>Tauese v. State of Hawai'i, Dep't of Labor & Indus. Relations</u>, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006).

### III. DISCUSSION

HRS § 386-21 provides:

§386-21 **Medical care, services, and supplies.** (a) Immediately after a work injury sustained by an employee and <u>so long as reasonably needed</u> the employer shall furnish to the employee all [treatment] <u>as the nature of the injury requires</u>.

4

. . . .

> When a dispute exists between an employee and the employer or the employer's insurer regarding the proposed treatment plan or whether medical services should be continued, the employee shall continue to receive essential medical services prescribed by the treating physician necessary to prevent deterioration of the employee's condition or further injury until the director issues a decision on whether the employee's medical treatment should be continued. The director shall make a decision within thirty days of the filing of a dispute. If the director determines that medical services pursuant to the treatment plan should be or should have been discontinued, the director shall designate the date after which medical services for that treatment plan are denied.

HRS § 386-21(a), (c)(2) (emphases added).

We disagree with Appellants' argument that the LIRAB lacked authority under HRS § 386-21 to order an employer to pay for future medical treatment, unless a specific course of treatment was anticipated and in dispute at the time of the decision. Even if there is no present manifestation of symptoms, it may be possible to predict that a claimant will require medical treatment in the future as a result of a work injury. Barnes v. Workers' Comp. Appeals Bd., 2 P.3d 1180, 1184 (Cal. 2000). For that reason, courts construing statutory enactments similar to HRS § 386-21 have concluded that employers may have open-ended liability for medical treatment. Id. at 1185; Grover v. Indus. Comm'n of Colorado, 759 P.2d 705, 711 (Colo. 1988) (providing string cite to other jurisdictions with similar holdings); Foote v. O'Neill Packing, 632 N.W.2d 313, 321 (Neb. 2001) (same). This construction is consistent with our policy of liberally construing workers' compensation legislation. Flor v. Holguin, 94 Hawai'i 70, 79, 9 P.3d 382, 391 (2000). Moreover, HRS § 386-21 does not place a limit on the value or duration of treatment an employer must furnish.

However, the statute does require that the medical treatment be "reasonably needed . . . as the nature of the injury requires." HRS § 386-21(a). Therefore, even absent an intervening cause, fraud, or other terminating event, an award of future treatment cannot be affirmed without evidence in the

5

record supporting a determination that future treatment will be "reasonably needed" to relieve the claimant from the effects of the work injury. See, e.g., Barnes, 2 P.3d at 1185; Grover, 759 P.2d at 711-12; Foote, 632 N.W.2d at 321 (requiring substantial evidence to support a determination that future treatment will be reasonably necessary). Construing workers' compensation laws *in pari materia*, we note the statutes provide an appropriate procedure for injured workers if no present need for treatment exists but a need later appears: HRS § 386-89 (1993) allows a claimant to reopen a case within eight years after the last payment of compensation or the rejection of a claim.[2] See Bocalbos v. Kapiolani Med. Ctr. for Women & Children, 93 Hawai'i 116, 130-32, 997 P.2d 42, 56-58 (concluding the LIRAB abused its

---

[2] HRS § 386-89 states, in pertinent part:

§386-89 Reopening of cases; continuing jurisdiction of director.

. . . .

(c) On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation, whether or not a decision awarding compensation has been issued, or at any time prior to eight years after the rejection of a claim, review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation. No compensation case may be reviewed oftener than once in six months and no case in which a claim has been rejected shall be reviewed more than once if on such review the claim is again rejected. The decision shall not affect any compensation previously paid, except that an increase of the compensation may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, a decrease of the compensation may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased compensation shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the director. In the event any such decision increases the compensation in a case where the employee has received damages from a third party pursuant to section 386-8 in excess of compensation previously awarded, the amount of such excess shall constitute a pro tanto satisfaction of the amount of the additional compensation awarded. This subsection shall not apply when the employer's liability for compensation has been discharged in whole by the payment of a lump sum in accordance with section 386-54.

discretion by failing to reopen a claimant's case to consider evidence of the claimant's need for proposed treatments).

In this case, we agree with Employer's argument that there is no evidence in the record that future treatment was "reasonably needed." The LIRAB made no factual findings that specifically addressed Claimant's prognosis or his need for future treatment. The last treatment plan in the record was issued two and a half years before the LIRAB hearing, and its sole recommended treatment was lumbar surgery. Claimant received this surgery on June 15, 2010, and Claimant stated his condition improved post-surgery. Nothing in Claimant's testimony at the LIRAB hearing indicated he was receiving ongoing treatment or that he had received a recommendation for further treatment. Our review of the record found no post-surgery reports or treatment plans indicating that the Claimant would require additional treatment for his work injury. The only evidence in the record regarding Claimant's need for treatment post-surgery is from Dr. Direnfeld, who examined Claimant six months after the surgery. Dr. Direnfeld opined Claimant should have achieved maximum medical benefit from the physical therapy treatment he had received, and he concluded any need for additional treatment was uncertain.

The LIRAB specifically credited Dr. Direnfeld's opinion that the lumbar surgery was to treat Claimant's pre-existing condition and not for the work injury. The LIRAB also credited Dr. Direnfeld's opinion that the work injury resulted in a temporary aggravation of Claimant's pre-existing condition and that the aggravation had resolved by the time of Dr. Direnfeld's October 7, 2008 evaluation. On that basis, the LIRAB concluded Claimant was no longer eligible for temporary disability benefits and that Claimant's work injury did not result in permanent disability or disfigurement. Although the right to treatment is distinct from the right to disability benefits, see FEI Installation, Inc. v. Williams, 214 S.W.3d 313, 317 (Ky. 2007) (concluding a claimant may be entitled to future medical

7

treatment even if the work injury did not result in permanent disability), the LIRAB's findings support our conclusion that there was no showing that the temporary exacerbation of Claimant's pre-existing condition resulted in the need for post-surgery future medical treatment.

### IV. CONCLUSION

Based on the foregoing, we vacate the Labor and Industrial Relations Appeals Board's May 22, 2012 "Decision and Order" and remand this case for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, September 13, 2013.

On the brief:

Robert E. McKee, Jr.
for Employer-Appellant.

Chief Judge

Associate Judge

Associate Judge